IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN AND ROBERT ARNOLD | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| IRISH BRED PUB CONCEPTS CO., | : | |
| t/a and d/b/a IRISH BRED PUB | : | |
| Defendants | : | No. 17-CV-3643 |

**MEMORANDUM**

**DITTER, J.**                                                                April 25, 2018

Plaintiffs Karen and Robert Arnold, residents of Pennsylvania, have filed suit to recover from injuries sustained when Mrs. Arnold fell off an elevated platform at the Irish Bred Pub in Montgomery, Alabama. Plaintiffs present a premises liability claim against Defendants and a loss of consortium claim on behalf of Mr. Arnold. Before me is Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons discussed, Defendants' motion will be granted.

**I.     FACTS**

On August 11, 2014, Karen and Robert Arnold ate dinner at the Irish Bred Pub. The couple were seated at a table located on a raised platform that occupied a corner of the dining room. After finishing dinner, Ms. Arnold stepped off the elevated platform and fell, injuring herself.

Defendant Irish Bred Pub Concepts is a Georgia corporation with a principal office

in Fayetteville, Georgia. It is a franchising company that does not operate any restaurants. Irish Bred Concepts has no franchises located in Pennsylvania. There are currently six licensed franchise Irish Bred Pub restaurants - four in Georgia and two in Alabama. Each of these franchises in independently owned. The franchise location of Plaintiff's fall in Montgomery, Alabama, is owned by the franchise L&V, LLC, and is not owned or operated by the Irish Bred Pub Concepts.

Paul Marmol is the president and 50% owner of Irish Bred Pub Concepts. The company's two shareholders are both residents of Georgia. It is not incorporated, licensed, or registered to do business in Pennsylvania.

Irish Bred Pub Concepts maintains a website which provides information on its franchising opportunities.[1]

## II. DISCUSSION

### A. Personal Jurisdiction

A plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence. *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012). Under Pennsylvania's long-arm statute, a district court may assert personal jurisdiction over nonresidents to the extent permitted by the Due Process Clause of the Fourteenth Amendment. 42 Pa. Cons. Stat. § 5322(b). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a

---

[1] The website address is http://www.theirishpub.com.

forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (citations omitted). Defendants argue that this court lacks personal jurisdiction over Defendants because they have no connection with Pennsylvania and could not have foreseen that they would be haled into a Pennsylvania court. Plaintiffs contend that Defendants' internet website is sufficient to establish personal jurisdiction.

There are two types of personal jurisdiction, general and specific. I will consider whether either applies.

### 1. General Jurisdiction

General jurisdiction may be exercised over a defendant if the defendant's "'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman,* 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (internal quotations omitted). That is not the case here. Defendants are not citizens of Pennsylvania, do not maintain a principal place of business here, nor do they have the requisite "continuous and systematic" affiliations required for general jurisdiction. *Daimler AG,* 134 S. Ct. at 761.

Although Plaintiffs argue that there is general jurisdiction through Defendants' efforts to solicit customers and sell products in Pennsylvania over the internet, these contacts are insufficient. These communications do not provide a basis for a finding of

"continuous and systematic" affiliations. *Daimler AG,* 134 S. Ct. at 761. Indeed, Defendants' internet presence would seem to be best characterized as "passive." *Zippo Mfg, Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("[a] passive web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction"). The site provides information and links to current operational franchises and contact information for the franchising concept. It does not attempt to operate as a business in Pennsylvania.[2] As a result, I conclude Plaintiffs have failed to establish general jurisdiction.

2. **Specific Jurisdiction**

Specific jurisdiction over an out-of-state defendant can be established when a defendant "purposefully avails itself of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881-882 (2011). There must be sufficient "minimum contacts" with the forum state. *Burger King Corp.*, 471 U.S. at 474. Here, Plaintiffs must show that Defendants' conduct was of the type that it could reasonably expect to be haled into a Pennsylvania court if what it had done caused harm. It is not enough for Plaintiffs to have suffered harm in Pennsylvania by something Defendants did elsewhere.

Minimum contacts analysis in cases based on commercial websites are evaluated

---

[2] Plaintiffs allege that the Defendants' "actively solicits Pennsylvania residents to purchase merchandise over the Internet." Plaintiffs' support the allegation with a cite to the "Affidavit of Ms. Arnold, attached as Exhibit A, ¶ 4 and 8." There is no affidavit attached to Plaintiffs' motion. Such a broad allegation is insufficient to establish general jurisdiction.

on a "'sliding scale,' on which the constitutionality of the exercise of personal jurisdiction is directly proportional to the level of commercial interactivity on the corporation's website." *S. Morantz, Inc. V Hang & Shine Ultrasonics, Inc.*, 79 F.Supp.2d 537 (E.D. Pa. 1999) (citing *Zippo*, 952 F.Supp. at 1124).

As previously noted, the internet site operated by Irish Bred Pub Concepts merely provides general information along with contact information in the form of an email, phone number and address. Plaintiffs have failed to meet the minimum contacts requirement. Irish Bred Pub Concepts did not directly target Pennsylvania or knowingly interact with Pennsylvania residents through its website. *See Corigliano v. Classic Motor, Inc.*, 611 Fed.Appx. 77, 80 (3d Cir. 2015). There is no personal jurisdiction.

### III. CONCLUSION

Defendants' website is not sufficiently interactive to justify the exercise of personal jurisdiction. Moreover, in general, Defendants' contacts with the Eastern District of Pennsylvania are insufficient to establish personal jurisdiction.

I conclude that granting leave for Plaintiffs to amend their complaint would be futile. Accordingly, Defendants' motion to dismiss will be granted.

An appropriate order follows.